WILLIAM D. NAEVE
COTKIN & COLLINS
A PROFESSIONAL CORPORATION
200 West Santa Ana Blvd., Suite 800
P.O. Box 22005
Santa Ana, CA 92702-2005
Telephone:    (714) 835-2330
Facsimile:    (714) 835-2209
williamnaeve@cotkincollins.com

FILED

2008 AUG 15  AM 11: 01

CLERK U.S. DISTRICT COURT
CENTRAL DIST. O. CALIF.
LOS ANGELES

BY _____

Attorneys for Defendants DEL AMO HOSPITAL, INC., a California
Corporation, and UHS OF DELAWARE, INC., dba UNIVERSAL HEALTH
SERVICES OF DELAWARE, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SEBASTAIN [SIC] JOHN ZIEGLER,

        Plaintiff,

    vs.

DEL AMO HOSPITAL, INC., a
California Corporation; UHS OF
DELAWARE, INC. WHICH WILL
TRANSACT BUSINESS IN CALIF.
AS UNIVERSAL HEALTH SERVICES
OF DELAWARE, INC., a Delaware
Corporation, and DOES 1 through 100,
inclusive,

        Defendants.

CASE NO. **CV08-05361**

GPS
(FFMx)

(California Superior Court Case
No. YC057678; Assigned to Hon.
Ramona See, Dept. 69)

**NOTICE OF REMOVAL OF CIVIL
ACTION (FEDERAL QUESTION)**

[28 U.S.C. §§ 1331;1441(a) and (b); and
1446(a) and (b)]

**TO THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF
CALIFORNIA:**

    **COMES NOW**, defendants DEL AMO HOSPITAL, INC., a California

Corporation, and UHS OF DELAWARE, INC., dba UNIVERSAL HEALTH

SERVICES OF DELAWARE, INC., and respectfully petition this Court for removal of

the above-entitled action from the State of California for the County of Los Angeles, to

///

1  the United States District Court, Central District of California, pursuant to 28 U.S.C.

2  §§ 1331, 1441(a) and (b), and 1446(a) and (b).

3       In support of such removal, these removing defendants allege that the following

4  facts were true as of the date of filing of this Notice of Removal.

5       1.    On or about July 7, 2008, plaintiff SEBASTIAN JOHN ZIEGLER

6  commenced this action by filing a Complaint in the Superior Court of the State of

7  California, County of Los Angeles, Southwest District, Case No. YC057678, entitled,

8  *"SEBASTAIN [SIC] JOHN ZIEGLER, Plaintiff, vs. DEL AMO HOSPITAL, INC., a*

9  *California Corporation; UHS OF DELAWARE, INC. WHICH WILL TRANSACT*

10  *BUSINESS IN CALIF. AS UNIVERSAL HEALTH SERVICES OF DELAWARE, INC., a*

11  *Delaware Corporation, and DOES 1 through 100, inclusive, Defendants"* (hereinafter

12  referred to as *"the Ziegler litigation"*).  A true, correct and genuine copy of plaintiff's

13  Summons and Complaint is attached hereto as Exhibit "A" and is incorporated herein

14  by reference.

15      2.    Defendants DEL AMO HOSPITAL, INC., and UNIVERSAL HEALTH

16  SERVICES OF DELAWARE, INC. were personally served with the Summons and

17  Complaint in *the Ziegler litigation* via their designated agent for service of process, CT

18  Corporation, on July 16, 2008.

19      3.    These removing defendants served and filed an Answer to plaintiff's

20  Complaint in *the Ziegler litigation* on August 14, 2008.  A true, correct and genuine

21  copy of these removing defendants' Answer to plaintiff's Complaint is attached hereto

22  as Exhibit "B" and is incorporated herein by reference.

23      4.    Among other things, plaintiff's complaint in *the Ziegler litigation* alleges

24  violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.,

25  and as such, is a civil action arising under the laws of the United States over which this

26  Federal District Court has original *federal question* subject matter jurisdiction, pursuant

27  to 28 USC § 1331.  This action is therefore removable to this United States District

28  Court pursuant to 28 USC § 1441(a) (b) in that plaintiff's action seeks relief from these

- 2 -

1  removing defendants founded upon a claim or right arising under the laws of the United
2  States.

3       5.     Removal is timely under 28 U.S.C. § 1446(b), inasmuch as this Notice of
4  Removal has been served and filed within 30 days of July 16, 2008 – the date on which
5  the summons and complaint in *the Ziegler litigation* was served upon statutory agent for
6  service of these removing defendants.  No further proceedings have been had herein
7  and trial has not yet commenced.

8       6.     Pursuant to 28 USC § 1446(d), these removing defendants have or will
9  provide a copy of the Notice of Removal and all papers associated therewith to all
10 parties and has filed a conformed copy of this Notice of Removal with the Clerk of the
11 Court, Los Angeles County, California.

12      7.     No previous notices of removal have been filed herein.  These removing
13 defendants have good and sufficient defenses to plaintiff's claims and denies, both
14 generally and specifically, the substantive allegations contained within plaintiff's
15 complaint.

16      8.     Attached as Exhibit "C" is a copy of the Notice to Adverse Party of
17 Removal to the United States District Court, which is being served on the Superior
18 Court of California, County of Los Angeles.

19      9.     By filing the instant Notice of Removal, these removing defendants do
20 not waive, and fully reserve, all defenses they may have, including but not limited to
21 defenses of lack of personal jurisdiction, lack of subject matter jurisdiction, and failure
22 to state a claim upon which relief may be granted.

23      10.    Written notice of this Notice of Removal is being provided to plaintiff by
24 service of this document on plaintiff's counsel.

25     **WHEREFORE**, defendants DEL AMO HOSPITAL, INC., a California
26 Corporation, and UHS OF DELAWARE, INC., dba UNIVERSAL HEALTH
27 SERVICES OF DELAWARE, INC. pray this action be removed to the United States
28 District Court, Central District of California, and that it assume jurisdiction of this

- 3 -

7752-1.wpd

1    cause and issue such further orders and processes as may be necessary to bring before it

2    all parties necessary.

3

4    DATED:  August 15ʳⁿ, 2008          COTKIN & COLLINS
                                        A PROFESSIONAL CORPORATION
5

6

7                        By:            _____
                                        WILLIAM D. NAEVE
8                                       Attorneys for Defendants
                                        DEL AMO HOSPITAL, INC., a California
9                                       Corporation, and UHS OF DELAWARE,
                                        INC., dba UNIVERSAL HEALTH
10                                      SERVICES OF DELAWARE, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

7752-1.wpd

EXHIBIT A

7-16-08
2:15 pm

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

### CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

**JUL 0 7 2008**

John A. Clarke, Executive Officer/Clerk

By T. Rhodes, Deputy

**NOTICE TO DEFENDANT:**
(AVISO AL DEMANDADO):
DEL AMO HOSPITAL, INC., A California Corporation; UHS OF DELAWARE, INC. WHICH
WILL TRANSACT BUSINESS IN CALIF. AS UNIVERSAL HEALTH SERVICES OF
DELAWARE, INC., A Delaware Corporation, and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
(LO ESTA DEMANDANDO EL DEMANDANTE):
SEBASTAIN JOHN ZIEGLER,

You have 30 CALENDER DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DIAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>**Los Angeles Superior Court**<br>**Beach Cities Branch**<br>**117 West Torrance Blvd., Suite 100**<br>**Redondo Beach, Ca. 90277-3636** | CASE NUMBER:<br>(Número del Caso):<br>**YC057678** |

Torrance Courthouse
825 Maple Avenue
Torrance, CA 90503

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tine abogado, es):

Mark D. Potter/ Russell C. Handy        100 E San Marcos Blvd #400
Center for Disability Access, LLP        San Marcos, CA 92069        PHONE: (760) 480-4162

| | | |
|---|---|---|
| DATE: **JUL 0 7 2008**<br>(Fecha) | JOHN A. CLARKE<br>Clerk, by<br>(Secretario) | T. RHODES<br>, Deputy<br>(Adjunto) |

(For Proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010).)

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
   *Del Amo Hospital, Inc., A California Corporation*
3. ☑ on behalf of (specify):
   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ Other (specify):
4. ☐ by personal delivery on (date):

[Seal]

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS**<br>Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465 |

**COPY**

**CT CORPORATION**
A WoltersKluwer Company

**Service of Process Transmittal**
07/16/2008
CT Log Number 513643701

TO: Matthew Klein
Universal Health Services, Inc.
367 South Gulph Road
King of Prussia, PA 19406

**RECEIVED**
JUL 17 2008
LEGAL DEPT.

RE: **Process Served in California**

FOR: Del Amo Hospital, Inc. (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sebastian John Ziegler, Pltf. vs. Del Amo Hospital, Inc., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Demand for Jury Trial, Cover Sheet, Cover Sheet Addendum, Order to Show Cause Hearing, Notice of Case Management Conference, Attachment(s), Stipulation Form |
| **COURT/AGENCY:** | Los Angeles County, Superior Court, Redondo Beach, CA<br>Case # YC057678 |
| **NATURE OF ACTION:** | Violation of the American's with Disabilities Act -- FAiled to provide full and equal accommodations, advantages, facilities, privileges and/or service to the plaintiff |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/16/2008 at 14:45 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service - file written response // 12/12/2008 at 8:30 a.m. - Case Management Conference |
| **ATTORNEY(S) / SENDER(S):** | Mark D. Potter<br>Center for Disability Access, LLP<br>401 E San Marcos Blvd. #400<br>San Marcos, CA 92069<br>760-480-4162 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 791106199746<br>Email Notification, Caitlin Larkin caitlin.larkin@uhsinc.com<br>Email Notification, Matthew Klein matthew.klein@uhsinc.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of 1 / MS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUL 0 7 2008

John A. Clarke, Executive Officer/Clerk

By T. Rhodes, Deputy

CENTER FOR DISABILITY ACCESS, LLP
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
(760) 480-4162
Fax (760) 480-4170

Attorney for Plaintiff, SEBASTIAN JOHN ZIEGLER

CASE ASSIGNED FOR
ALL PURPOSES TO
Judge    Ramona See
Dept _____ Div 9

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| SEBASTAIN JOHN ZIEGLER, | Case No.: YC057678 |
| Plaintiff, | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF: AMERICAN'S WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT; NEGLIGENCE |
| v. | |
| DEL AMO HOSPITAL, INC., A California Corporation; UHS OF DELAWARE, INC. WHICH WILL TRANSACT BUSINESS IN CALIF. AS UNIVERSAL HEALTH SERVICES OF DELAWARE, INC., A Delaware Corporation, and DOES 1 through 100, inclusive, | DEMAND FOR JURY |
| Defendants. | |

Plaintiff SEBASTIAN JOHN ZIEGLER complains of Defendants DEL AMO HOSPITAL, INC., A California Corporation; UHS OF DELAWARE, INC. WHICH WILL TRANSACT BUSINESS IN CALIF. AS UNIVERSAL HEALTH SERVICES OF DELAWARE, INC., A Delaware Corporation, and DOES 1 through 100, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

PARTIES:

1. Plaintiff is a California resident with physical disabilities. He suffers from Becker's Muscular Dystrophy and neither stand nor walk. He requires a power

-1-

Complaint

1   wheelchair for mobility.

2       2.  Defendants are or were at the time of the incident the owners and operators

3   and/or lessors and lessees of the Hospital located at 23700 Camino Del Sol, Torrance,

4   California.

5       3.  Plaintiff does not know the true names of Defendants, their business

6   capacities, their ownership connection to the property and business, or their relative

7   responsibilities in causing the access violations herein complained of, and alleges a

8   joint venture and common enterprise by all such Defendants.  Plaintiff is informed and

9   believes that each of the Defendants herein, including DOES 1 through 100, inclusive,

10  is responsible in some capacity for the events herein alleged, or is a necessary party for

11  obtaining appropriate relief.  Plaintiff will seek leave to amend when the true names,

12  capacities, connections, and responsibilities of the Defendants and DOES 1 through

13  100, inclusive, are ascertained

14  **FACTUAL ALLEGATIONS:**

15      4.  The Plaintiff contacted the Hospital by telephone at least 10 times during the

16  month of November, 2007, including November 16, 2007, seeking admission to a 30-

17  day inpatient eating disorder/depression program.

18      5.  The Hospital is a facility open to the public, a place of public accommodation,

19  and a business establishment.

20      6.  Defendants refused to admit the Plaintiff because it did not have any patient

21  rooms that were accessible to wheelchair bound patients with disabilities.  In fact, the

22  Defendants refused to even allow Plaintiff to view the facilities, stating that they were

23  inaccessible and that he should look elsewhere for a program.

24      7.  Unfortunately, upon information and belief, the Hospital presented barriers to

25  persons in wheelchairs, violations of the Americans with Disabilities Act Accessibility

26  Guidelines ("ADAAG") and Title 24 of the California Code of Regulations, including,

27  but not limited to, there was a lack of any accessible patient bedrooms and toilet rooms.

28      8.  Naturally, Plaintiff ZIEGLER was frustrated, angry and/or vexed as a result

Complaint

1   of encountering unlawful conditions, violations of his civil rights, and the lack of safe,
2   convenient and accessible facilities.  Although these injuries are modest in scope and
3   did not result in any loss of wages or economic damage or medical care or attention, the
4   continued violation of the plaintiff's civil rights by these defendants and the highly
5   unpleasant emotional distress caused by such unlawful treatment is attributable to the
6   actions or inactions of the defendants and plaintiff seeks redress from these defendants
7   for such injury.

8        9.  Plaintiff would like to patronize the Defendants' Hospital and the programs it
9   offers to the public, but because of Plaintiff's knowledge of the existence of the
10  inaccessible conditions and policies, the Plaintiff is unable to use the Hospital on a "full
11  and equal" basis until the Hospital is brought into compliance with the provisions of the
12  Americans with Disabilities Act Accessibility Guidelines and state accessibility law as
13  pled herein.  Plaintiff has been and currently is being deterred from patronizing the
14  Defendants' Hospital.

15  **I.    FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH
    DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants (42
16  U.S.C. section 12101, et seq.)

17       10.  The defendants are persons who either own, operate, lease or lease to a place
18  of public accommodation.  As such, the Defendants are required to (1) ensure that all
19  construction, alteration, or modification is barrier free and complies with the Americans
20  with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the
21  California Code of Regulations (aka "California Building Code"); and/or (2) remove all
22  existing barriers where such removal is "readily achievable."  The Defendants have
23  failed to meet these obligations.  The existence of readily achievably removed barriers
24  and barriers in violation of the ADAAG and/or California Building Code, including,
25  but not limited to, there was a lack of any accessible patient bedrooms and toilet rooms,
26  is unlawful and has resulted in the defendants' failure to provide full and equal
27  accommodations, advantages, facilities, privileges and/or services to the plaintiff.

28  **II.   SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL
    RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51-53)

Complaint

11. The defendants are persons who either own, operate, lease or lease to a place of public accommodation or business establishment. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The Defendants intended the physical and architectural condition of their property. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there was a lack of any accessible patient bedrooms and toilet rooms, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the plaintiff.

12. The acts alleged above, which form the basis of the plaintiff's discrimination claim, are intentional acts.

**III.  THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 54-54.8)

13. The defendants are persons who either own, operate, lease or lease to a place of public accommodation or a facility open to the public. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there was a lack of any accessible patient bedrooms and toilet rooms, is unlawful and has resulted in the

-4-

Complaint

1  defendants' failure to provide full and equal accommodations, advantages, facilities,
2  privileges and/or services to the plaintiff.

3  IV.   **FOURTH CAUSE OF ACTION:** NEGLIGENCE (On behalf of Plaintiff and
      Against All Defendants)
4     14. The defendants had a general duty and a duty arising under the Americans
5  with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons
6  Act to provide safe, convenient, and accessible facilities to the plaintiff in the running
7  of their Hospital. Their breach of this duty, as alleged in the preceding paragraphs, has
8  caused injury and damage as alleged above.

9  PRAYER:

10     Wherefore, Plaintiff prays that this court award damages and provide relief as
11  follows:

12     **1.**  For injunctive relief, compelling Defendants to comply with the Americans
13  with Disabilities Act and the Unruh Civil Rights Act. **Note:** the plaintiff is not
14  invoking section 55 of the California Civil Code and is not seeking injunctive relief
15  under that section.

16     **2.** Damages under the Unruh Civil Rights Act and/or the California Disabled
17  Persons Act. **Note:** A defendant cannot be held liable for damages under both the
18  Unruh Civil Rights Act and the California Disabled Persons Act and the plaintiff will
19  make an election at trial depending upon the evidence amassed.

20     **3.** Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to
21  42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and §4.3 and Cal. Civ. Proc. § 1021.5.

22
23  Dated: July 1, 2008          CENTER FOR DISABILITY ACCESS, LLP
24                       By:
25                          MARK D. POTTER
                            Attorneys for Plaintiff
26
27
28

-5-

Complaint

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: July 1, 2008          CENTER FOR DISABILITY ACCESS, LLP

By: _____
          MARK D. POTTER
         Attorneys for Plaintiff

Complaint

EXHIBIT B

1   WILLIAM D. NAEVE
    COTKIN & COLLINS
2   A PROFESSIONAL CORPORATION
    200 West Santa Ana Blvd., Suite 800
3   P.O. Box 22005
    Santa Ana, CA 92702-2005
4   Telephone:   (714) 835-2330
    Facsimile:   (714) 835-2209
5   williamnaeve@cotkincollins.com

6   Attorneys for Defendants DEL AMO HOSPITAL, INC., a California
    Corporation, and UHS OF DELAWARE, INC., dba UNIVERSAL HEALTH
7   SERVICES OF DELAWARE, INC.

8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   FOR THE COUNTY OF LOS ANGELES

11

12  SEBASTAIN [SIC] JOHN ZIEGLER,     )   Case No. YC057678
                                      )   HON. Ramona See
13              Plaintiff,            )   DEPT. 69
                                      )
14      vs.                           )   DEFENDANTS' ANSWER TO
                                      )   PLAINTIFF'S COMPLAINT
15  DEL AMO HOSPITAL, INC., a         )
    California Corporation; UHS OF    )   [Cal. Code Civ. Proc.  § 431.30(d)]
16  DELAWARE, INC. WHICH WILL         )
    TRANSACT BUSINESS IN CALIF.       )
17  AS UNIVERSAL HEALTH SERVICES      )
    OF DELAWARE, INC., a Delaware     )
18  Corporation, and DOES 1 through 100, )   Complaint Filed:  7-7-08
    inclusive,                        )   Trial Date:  Not Set
19                                    )
                Defendants.           )
20                                    )
                                      )
21  ——————————————————————————————————)

22

23  TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL

24  PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD:

25      COMES NOW, defendants DEL AMO HOSPITAL, INC., a California

26  Corporation, and UHS OF DELAWARE, INC., dba UNIVERSAL HEALTH

27  SERVICES OF DELAWARE, INC., and in answering plaintiff's unverified complaint,

28  ///

1  for themselves alone, and separating themselves from all other DOE defendants, admit,

2  deny, and allege as follows:

3       Pursuant to the provisions of *California Code of Civil Procedure* § 431.30(d),

4  these answering defendants deny, both generally and specifically, each and every

5  allegation contained within plaintiff's unverified complaint and each and every cause of

6  action contained within plaintiff's complaint and the whole thereof.  These answering

7  defendants further specifically deny that plaintiff was damaged in the sum or sums

8  alleged, or to be alleged, or in any sums whatsoever, or at all, and further specifically

9  deny that plaintiff is entitled to the relief sought within his complaint or to any other

10  relief of whatever character, or at all.

11

12  ## AFFIRMATIVE DEFENSES

13

14       COMES NOW, defendants DEL AMO HOSPITAL, INC., a California

15  Corporation, and UHS OF DELAWARE, INC., dba UNIVERSAL HEALTH

16  SERVICES OF DELAWARE, INC., and respectfully submit the following affirmative

17  defenses to each and every cause of action contained within plaintiff's unverified

18  complaint.

19  ## FIRST AFFIRMATIVE DEFENSE

20

21       1.    As and for a first, separate and distinct affirmative defense to each and

22  every purported cause of action contained within plaintiff's unverified complaint, these

23  answering defendants allege that plaintiff has failed to state facts sufficient to constitute

24  any cause of action against these answering defendants which therefore bars said

25  plaintiff from recovering the relief sought therein.

26  ## SECOND AFFIRMATIVE DEFENSE

27       2.    As and for a second, separate and distinct affirmative defense to each and

28  every purported cause of action contained within plaintiff's unverified complaint, these

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1 answering defendants allege that plaintiff is barred from recovering the relief sought

2 within his complaint by virtue of the fact that these answering defendants are informed

3 and believe that the physical structure and plant in which DEL AMO HOSPITAL is

4 housed is a facility which was constructed and existing before January 26, 1993.

5 42 USC § § 12182(b)(2)(A)(iv); 12183(a).

6

7 **THIRD AFFIRMATIVE DEFENSE**

8     3.    As and for a third, separate and distinct affirmative defense to each and

9 every purported cause of action contained within plaintiff's unverified complaint, these

10 answering defendants allege that plaintiff is barred from recovering the relief sought

11 within his complaint by virtue of the fact that these responding defendants are informed

12 and believe that the relief sought by plaintiff is not readily achievable, cannot be easily

13 accomplishable, and cannot be implemented without much difficulty and expense.

14 42 USC § § 12181(9); 12182(b)(2)(A)(iv).

15

16 **FOURTH AFFIRMATIVE DEFENSE**

17     4.    As and for a fourth, separate and distinct affirmative defense to each and

18 every purported cause of action contained within plaintiff's unverified complaint, these

19 answering defendants allege that plaintiff is barred from recovering the relief sought

20 within his complaint by virtue of the fact that these responding defendants are informed

21 and believe that alternative methods for providing its goods and services to the public

22 are not readily achievable. 42 USC § § 12182(b)(2)(A)(v).

23

24 **FIFTH AFFIRMATIVE DEFENSE**

25     5.    As and for a fifth, separate and distinct affirmative defense to each and

26 every purported cause of action contained within plaintiff's unverified complaint, these

27 answering defendants allege that plaintiff is barred from recovering the relief sought

28 within his complaint by virtue of the fact that these responding defendants are informed

- 3 -

'68-1.wpd

1    and believe that accommodating plaintiff's alleged illness and/or condition would

2    require modifications to DEL AMO HOSPITAL's areas of specialization.  56 Fed. Reg.

3    25565 (July 26, 1991), *Grubbs v. Medical Facilities of America* (D.C. Vir. 1995) 879

4    F. Supp. 588, 591, fn. 6.

5

6                    **SIXTH AFFIRMATIVE DEFENSE**

7          6.    As and for a sixth, separate and distinct affirmative defense to each and

8    every purported cause of action contained within plaintiff's unverified complaint, these

9    answering defendants allege that plaintiff is barred from recovering the relief sought

10   within his complaint by virtue of the fact that UHS OF DELAWARE, INC. does not

11   own DEL AMO HOSPITAL.

12

13                 **SEVENTH AFFIRMATIVE DEFENSE**

14         7.    As and for a seventh, separate and distinct affirmative defense to each and

15   every purported cause of action contained within plaintiff's unverified complaint, these

16   answering defendants allege that plaintiff has failed to mitigate his damages, if any,

17   which therefore bars said plaintiff from recovering the relief sought therein.

18

19                  **EIGHTH AFFIRMATIVE DEFENSE**

20         8.    As and for an eighth, separate and distinct affirmative defense to each and

21   every purported cause of action contained within plaintiff's unverified complaint, these

22   answering defendants allege that plaintiff is barred from recovering the relief sought

23   therein by reason of the doctrine of estoppel.

24

25                   **NINTH AFFIRMATIVE DEFENSE**

26         9.    As and for a ninth, separate and distinct affirmative defense to each and

27   every purported cause of action contained within plaintiff's unverified complaint, these

28   ///

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1    answering defendants allege that plaintiff is barred from recovering the relief sought

2    therein by reason of the doctrine of waiver.

3

4                       **TENTH AFFIRMATIVE DEFENSE**

5         10.    As and for a tenth, separate and distinct affirmative defense to each and

6    every purported cause of action contained within plaintiff's unverified complaint, these

7    answering defendants allege that plaintiff is barred from recovering the relief sought

8    therein by reason of the doctrine of unclean hands.

9

10                     **ELEVENTH AFFIRMATIVE DEFENSE**

11         11.    As and for an eleventh, separate and distinct affirmative defense to each

12    and every purported cause of action contained within plaintiff's unverified complaint,

13    these answering defendants allege that plaintiff is barred from any recovery by the

14    doctrine of laches.

15

16                     **TWELFTH AFFIRMATIVE DEFENSE**

17         12.    As and for a twelfth, separate and distinct affirmative defense to each and

18    every purported cause of action contained within plaintiff's unverified complaint, these

19    answering defendants allege that plaintiff is barred from recovering the relief sought

20    therein inasmuch as the equities do not preponderate in his favor but, rather,

21    preponderate in favor of these answering defendants.

22

23                    **THIRTEENTH AFFIRMATIVE DEFENSE**

24         13.    As and for a thirteenth, separate and distinct affirmative defense to each

25    and every purported cause of action contained within plaintiff's unverified complaint,

26    these answering defendants allege that plaintiff is barred from recovering the relief

27    sought therein by reason of the doctrine of excuse.

28    ///

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**FOURTEENTH AFFIRMATIVE DEFENSE**

14.     As and for a fourteenth, separate and distinct affirmative defense to each and every purported cause of action contained within plaintiff's unverified complaint, these answering defendants allege that plaintiff is barred from recovering the relief sought therein by reason of the doctrine of consent.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15.     As and for a fifteenth, separate and distinct affirmative defense to each and every purported cause of action contained within plaintiff's unverified complaint, these answering defendants allege that plaintiff is barred from recovering the relief sought therein by reason of the common law doctrine of privilege and/or *California Civil Code* § 47, et seq.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16.     As and for a sixteenth, separate and distinct affirmative defense to each and every purported cause of action contained within plaintiff's unverified complaint, these answering defendants allege that plaintiff is barred from recovering the relief sought therein by reason of the doctrine of justification.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17.     As and for a seventeenth, separate and distinct affirmative defense to each and every purported cause of action contained within plaintiff's unverified complaint, these answering defendants allege that plaintiff is barred from recovering the relief sought within his complaint by the doctrine of preemption.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18.     As and for an eighteenth, separate and distinct affirmative defense to each and every purported cause of action contained within plaintiff's unverified complaint,

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1  these answering defendants allege that plaintiff's action is barred by the statute of

2  limitations codified in *California Code of Civil Procedure* § 340(a).

3

4  ### NINETEENTH AFFIRMATIVE DEFENSE

5      19.   As and for a nineteenth, separate and distinct affirmative defense to each

6  and every cause of action contained within plaintiff's unverified complaint, these

7  answering defendants allege that plaintiff is barred from recovering the relief sought

8  within his complaint by virtue of the fact plaintiff has suffered no damage.

9

10  ### TWENTIETH AFFIRMATIVE DEFENSE

11      20.   As and for a twentieth, separate and distinct affirmative defense to each

12  and every purported cause of action contained within plaintiff's unverified complaint,

13  these answering defendants allege that plaintiff is barred from recovering the relief

14  sought therein by reason of the fact that at all times herein mentioned, the conduct of

15  these answering defendants was in all respects reasonable, without malice and

16  accomplished with good cause.

17

18  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

19      21.   As and for a twenty-first, separate and distinct affirmative defense to each

20  and every purported cause of action contained within plaintiff's unverified complaint,

21  these answering defendants allege that plaintiff is barred from recovering the relief

22  sought therein by virtue of his failure to exhaust administrative remedies.

23

24  **WHEREFORE,** these answering defendants respectfully pray judgment be

25  taken against plaintiff, as follows:

26      1.   That plaintiff take nothing by virtue of his unverified complaint on file

27  herein from these answering defendants;

28  ///

- 7 -

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1      2.     That plaintiff's unverified complaint be dismissed, with prejudice, as to

2  these answering defendants;

3      3.     That these answering defendants be awarded its costs of suit including

4  reasonable attorneys' fees; and

5      4.     For such other and further relief as the court may deem just and proper.

6

7  DATED: August 13TH, 2008              COTKIN & COLLINS,

8                                    A PROFESSIONAL CORPORATION

9

10               By:  _____

11                   WILLIAM D. NAEVE
                       Attorneys for Defendants
                       DEL AMO HOSPITAL, INC., a California

12                   Corporation, and UHS OF DELAWARE,
                       INC., dba UNIVERSAL HEALTH
                       SERVICES OF DELAWARE, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

58-1.wpd             DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

1              **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3         I, DEBRA FIELDS, am employed in the aforesaid County, State of California;
     I am over the age of 18 years and not a party to the within action; my business address is
4    200 West Santa Ana Boulevard, Suite 800, Santa Ana, CA 92701.

5         On August 14, 2008, I served the foregoing **DEFENDANTS' ANSWER TO
     PLAINTIFF'S COMPLAINT** on the interested parties in this action by placing a true
6    copy thereof, enclosed in a sealed envelope, addressed as follows:

7    Mark D. Potter, Esq.                   Counsel for Plaintiff
     Russell C. Handy, Esq.                 SEBASTIAN JOHN ZIEGLER
8    CENTER FOR DISABILITY
     ACCESS, LLP
9    100 East San Marcos Blvd., Suite 400   Tel: (760) 480-4162
     San Marcos, CA 92069-2988              Fax: (760) 480-4170
10

11

12   | X | **BY FIRST CLASS MAIL:**   I placed such envelope for deposit in the U.S. Mail for service by the United States Postal Service, with first-class postage thereon fully prepaid.  I am readily familiar with my employer's practice for the collection and processing of mail.  Under that practice, envelopes would be deposited with the U.S. Postal Service that same day, with first class postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown in this proof of service. |

16   |   | **BY FACSIMILE:**  I caused the document to be transmitted by a facsimile machine compliant with Rule 2003 of the California Rules of Court to the offices of the addressees at the telephone numbers shown on the service list. |

18   |   | **BY HAND DELIVERY:**  I caused such envelope to be delivered by hand to the offices of the addressees. |

19   |   | **BY FEDERAL EXPRESS:**  I am readily familiar with my employer's practice for the collection and processing of FedEx packages.  Under that practice, packages would be deposited with FedEx that same day, with overnight delivery charges thereon fully prepaid, in the ordinary course of business. |

21   |   | **(Federal Courts Only)**  I declare that I am employed in the office of a member of the court at whose direction this service was made. |

23        I declare under penalty of perjury under the laws of the State of California that
     the foregoing is true and correct and that this document was executed on August 14,
24   2008, at Santa Ana, California.

25                                    DEBRA FIELDS

26

27

28

                                    - 9 -

                    DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**EXHIBIT  C**

1   WILLIAM D. NAEVE
    COTKIN & COLLINS
2   A PROFESSIONAL CORPORATION
    200 West Santa Ana Blvd., Suite 800
3   P.O. Box 22005
    Santa Ana, CA 92702-2005
4   Telephone:   (714) 835-2330
    Facsimile:    (714) 835-2209
5   *williamnaeve@cotkincollins.com*

6   Attorneys for Defendants DEL AMO HOSPITAL, INC., a California
    Corporation, and UHS OF DELAWARE, INC., dba UNIVERSAL HEALTH
7   SERVICES OF DELAWARE, INC.

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                 FOR THE COUNTY OF LOS ANGELES

11

12   SEBASTAIN [SIC] JOHN ZIEGLER,      )   Case No. YC057678
                                         )   HON. Ramona See
13              Plaintiff,               )   DEPT. 69
                                         )
14       vs.                             )   **NOTICE TO ADVERSE PARTY OF**
                                         )   **REMOVAL TO THE UNITED**
15   DEL AMO HOSPITAL, INC., a           )   **STATES DISTRICT COURT**
     California Corporation; UHS OF      )
16   DELAWARE, INC. WHICH WILL          )
     TRANSACT BUSINESS IN CALIF.         )
17   AS UNIVERSAL HEALTH SERVICES)
     OF DELAWARE, INC., a Delaware       )
18   Corporation, and DOES 1 through 100,)   Complaint Filed:  7-7-08
     inclusive,                          )   Trial Date:   Not Set
19                                       )
                Defendants.              )
20                                       )
                                         )
21   _____)

22

23       **TO PLAINTIFF SEBASTIAN JOHN ZIEGLER, AND TO HIS COUNSEL**

24   **OF RECORD HEREIN MARK D. POTTER AND RUSSELL C. HANDY, AND**

25   **EACH OF THEM:**

26       **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1446, defendants DEL

27   AMO HOSPITAL, INC., a California Corporation, and UHS OF DELAWARE, INC.,

28   dba UNIVERSAL HEALTH SERVICES OF DELAWARE, INC., filed a Notice of

63-1.wpd

1    Removal of the above-entitled action in the United States District Court for the Central

2    District of California on August 15, 2008.

3       A copy of said Notice of Removal is attached to this Notice as Exhibit "A" and

4    incorporated herein by reference and is served and filed concurrently herewith.

5

6    DATED:  August 15, 2008        COTKIN & COLLINS

7                            A PROFESSIONAL CORPORATION

8

9           By:                                 
                       WILLIAM D. NAEVE

10                             Attorneys for Defendants
                            DEL AMO HOSPITAL, INC., a California

11                             Corporation, and UHS OF DELAWARE,
                            INC., dba UNIVERSAL HEALTH

12                             SERVICES OF DELAWARE, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

63-1.wpd

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, DEBRA FIELDS, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 200 West Santa Ana Boulevard, Suite 800, Santa Ana, CA 92701.

On August 15, 2008, I served the foregoing **NOTICE TO ADVERSE PARTY OF REMOVAL TO THE UNITED STATES DISTRICT COURT** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

Mark D. Potter, Esq.                       Counsel for Plaintiff
Russell C. Handy, Esq.                     SEBASTIAN JOHN ZIEGLER
CENTER FOR DISABILITY
ACCESS, LLP                                Tel:  (760) 480-4162
100 East San Marcos Blvd., Suite 400       Fax: (760) 480-4170
San Marcos, CA 92069-2988

| | |
|---|---|
| X | **BY FIRST CLASS MAIL:**  I placed such envelope for deposit in the U.S. Mail for service by the United States Postal Service, with first-class postage thereon fully prepaid.  I am readily familiar with my employer's practice for the collection and processing of mail.  Under that practice, envelopes would be deposited with the U.S. Postal Service that same day, with first class postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown in this proof of service. |
| | **BY FACSIMILE:**  I caused the document to be transmitted by a facsimile machine compliant with Rule 2003 of the California Rules of Court to the offices of the addressees at the telephone numbers shown on the service list. |
| | **BY HAND DELIVERY:**  I caused such envelope to be delivered by hand to the offices of the addressees. |
| | **BY FEDERAL EXPRESS:**  I am readily familiar with my employer's practice for the collection and processing of FedEx packages.  Under that practice, packages would be deposited with FedEx that same day, with overnight delivery charges thereon fully prepaid, in the ordinary course of business. |
| | **(Federal Courts Only)**  I declare that I am employed in the office of a member of the court at whose direction this service was made. |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this document was executed on August 15, 2008, at Santa Ana, California.

*Debra Fields*

DEBRA FIELDS

- 3 -

**NOTICE TO ADVERSE PARTY OF REMOVAL
TO THE UNITED STATES DISTRICT COURT**

1

## PROOF OF SERVICE

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3    I, DEBRA FIELDS, am employed in the aforesaid County, State of California;
I am over the age of 18 years and not a party to the within action; my business address
4    is 200 West Santa Ana Boulevard, Suite 800, Santa Ana, CA 92701.

5    On August 15, 2008, I served the foregoing **NOTICE OF REMOVAL OF
CIVIL ACTION (FEDERAL QUESTION)** on the interested parties in this action by
6    placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

7
Mark D. Potter, Esq.                     Counsel for Plaintiff
8    Russell C. Handy, Esq.                   SEBASTIAN JOHN ZIEGLER
CENTER FOR DISABILITY
9    ACCESS, LLP                              Tel: (760) 480-4162
100 East San Marcos Blvd., Suite 400     Fax: (760) 480-4170
10   San Marcos, CA 92069-2988

11

| | |
|---|---|
| **X** | **BY FIRST CLASS MAIL:** I placed such envelope for deposit in the U.S. Mail for service by the United States Postal Service, with first-class postage thereon fully prepaid. I am readily familiar with my employer's practice for the collection and processing of mail. Under that practice, envelopes would be deposited with the U.S. Postal Service that same day, with first class postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing shown in this proof of service. |
| | **BY FACSIMILE:** I caused the document to be transmitted by a facsimile machine compliant with Rule 2003 of the California Rules of Court to the offices of the addressees at the telephone numbers shown on the service list. |
| | **BY HAND DELIVERY:** I caused such envelope to be delivered by hand to the offices of the addressees. |
| | **BY FEDERAL EXPRESS:** I am readily familiar with my employer's practice for the collection and processing of FedEx packages. Under that practice, packages would be deposited with FedEx that same day, with overnight delivery charges thereon fully prepaid, in the ordinary course of business. |
| **X** | **(Federal Courts Only)** I declare that I am employed in the office of a member of the court at whose direction this service was made. |

I declare under penalty of perjury under the laws of the State of California that
the foregoing is true and correct and that this document was executed on August 15,
2008, at Santa Ana, California.

_Debra Fields_
DEBRA FIELDS

- 5 -

**NOTICE OF REMOVAL OF CIVIL ACTION**

27752-1.wpd

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge George P. Schiavelli and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV08- 5361 GPS (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a)  PLAINTIFFS** (Check box if you are representing yourself ☐)

SEBASTAIN [SIC] JOHN ZIEGLER

**DEFENDANTS**

DEL AMO HOSPITAL, INC., et al.

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Mark D. Potter, Esq.
Center for Disability Access, LLP
100 East San Marcos Blvd.
Suite 400
San Marcos, CA 92069-2988
(760) 480-4170

Attorneys (If Known)

William D. Naeve, Esq.
Cotkin & Collins
200 West Santa Ana Boulevard
Suite 800
Santa Ana, CA 92701
(714) 835-2330

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No          ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause.  Do not cite jurisdictional statutes unless diversity.)

42 USC section 12101, et seq.: Americans with Disabilities Act

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litig. |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE/PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 362 Personal Injury-Med Malpractice | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☒ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determina-tion Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a).  IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number:   CV08-05361

CV-71 (07/05)                         CIVIL COVER SHEET                         Page 1 of 2
                                                                                CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case?    [ X ] No    [ ] Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)    [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above

in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

[ ] Check here if the U.S. government, its agencies or employees is a named plaintiff.

Los Angeles County

List the California County, or State if other than California, in which **EACH** named defendant resides.    (Use an additional sheet if necessary).

[ ] Check here if the U.S. government, its agencies or employees is a named defendant.

(1) Los Angeles County: Del Amo Hospital Corporation
(2) Pennsylvania: UHS of Delaware, Inc

**List the California County,** or State if other than California, in which **EACH** claim arose.    (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.

Los Angeles County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____    Date 8-14-08

WILLIAM N. NAEVE

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM**
Authority for Civil Cover Sheet

The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a)   PLAINTIFFS - DEFENDANTS.   Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official giving both name and title.

(b)   County of Residence.   For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   Attorneys.   Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section ("see attachment"). Refer to Local Rules 83-2.7 and 41-6 for further information regarding change of attorney name, address, firm association, phone number, fax number or e-mail address, and dismissal of action for failure of pro se plaintiff to keep Court apprised of current address.

II.   JURISDICTION.   The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an **"X"** in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States Plaintiff.   (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States Defendant.   (2) When the plaintiff is suing the United States, its officers or agencies, place an **"X"** in this box.

Federal Question.   (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code take precedence and box 1 or 2 should be marked.

Diversity of Citizenship.   (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When box 4 is checked, the citizenship of the different parties must be checked. (See Section III below) (Federal question actions take precedence over diversity cases.)

III.   RESIDENCE (CITIZENSHIP) OF PRINCIPAL PARTIES.   This section of the CV-71 (JS-44) is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   ORIGIN.   Place an **"X"** in one of the seven boxes:

(1) Original Proceedings.   Cases which originate in the United States District Courts.
(2) Removed from State Court.   Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.
(3) Remanded from Appellate court.   Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
(4) Reinstated or Reopened.   Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
(5) Transferred from Another District.   For cases transferred under Title 28 U.S.C. Section 1404(a). DO NOT use this for within-district transfers or multidistrict litigation transfers. When this box is checked, DO NOT check (6) below.
(6) Multidistrict Litigation.   Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, DO NOT check (5) above.
(7) Appeal to District Judge from Magistrate Judge Judgment.   Check this box for an appeal from a magistrate judge's decision.

V.   REQUESTED IN COMPLAINT.
*Class Action.*   Place an **"X"** in this box if you are filing a class action under Rule 23, F.R.Cv.P.
*Demand.*   In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.
*Jury Demand.*   Check the appropriate box to indicate whether or not a jury is being demanded.

VI.   CAUSE OF ACTION.   Report the civil statute directly related to the cause of action and give a brief description of the cause of action. Do not cite jurisdictional statues unless diversity.          Example: U.S. Civil Statute: 47 USC 553
                                                                                                          Brief Description: Unauthorized reception of cable service

VII.   NATURE OF SUIT.   Place an **"X"** in the appropriate box. MARK ONE BOX ONLY. If the cause of action fits more than one nature of suit, select the one that best describes your cause of action.

VIII(a)   IDENTICAL CASES.   Indicate if an identical action has previously been filed and dismissed, remanded or closed. Insert the docket number and judge's name, if applicable.

VIII(b)   RELATED CASES.   This section of the CV-71 (JS-44) is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge's name for each case. Check all boxes that apply.

IX.   VENUE.   This section of the CV-71 (JS-44) is used to identify the correct division in which the case will be filed. Please remember to indicate the residence of EACH plaintiff and defendant and the county or state in which each claim arose.

If the United States government or an agency thereof is a plaintiff or defendant, place an **"X"** in the appropriate box. Indicate the residence of other parties, if any.

In each category: for each party and claim, indicate the county, if in California. If other than California, you need only to list the state or country.

X.   Attorney or party appearing pro per must sign and date this form.